IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ROY F. MUNOZ,                                                    CV. 10-407-MO

          Petitioner,

     v.                                                  OPINION AND ORDER

J.E. THOMAS,

          Respondent.


     STEPHEN R. SADY
     Office of the Federal Public Defender
     101 SW main Street, Suite 1700
     Portland, OR  97204

          Attorney for Petitioner


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

          Attorneys for Respondent

Mosman, District Judge.

Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' ("BOP") legal conclusion that his conviction for violating 18 U.S.C. § 924(c) is a current conviction when, following a term of imprisonment, his supervised release is revoked and a revocation term of imprisonment is imposed. Because the Court finds no error in the BOP's legal conclusion, and Petitioner has failed to show he is in custody in violation of the Constitution or laws of the United States, the Petition for Writ of Habeas Corpus (#1) is DENIED and this proceeding is dismissed with prejudice.

<u>**BACKGROUND**</u>

I.   <u>Statement of the Case</u>

In 2000, Petitioner was convicted of violating 18 U.S.C. § 924(c) (possession of a firearm during and in relation to the commission of a drug trafficking offence) and 21 U.S.C. § 844(a) (possession of methamphetamine) in the United States District Court for the District of Oregon. (#11, Ex. A at 6 and Ex. B.) The court sentenced Petitioner to an aggregate 84 months imprisonment, to be followed by three years of supervised release. (#11, Ex. B.) Petitioner began his term of supervised release on December 20, 2005. (#11, Ex. C.)

Petitioner violated the terms of his supervised release when he violated § 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), (b)(1)(C), and

2 – OPINION AND ORDER

846 (Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine, Cocaine, and Heroin. (#11, Ex. A at 3.) The District Court revoked Petitioner's supervised release on March 17, 2009, and imposed a 21-month term of imprisonment for the release violation. The court also sentenced Petitioner to 46 months imprisonment and four years supervised release on his conviction for the new law violation, to be served concurrently with the term imposed for the release violation. (#11, Ex. D; Ex. A at 3-4.)

In conjunction with the BOP's residential drug treatment program (RDAP), Petitioner sought early release eligibility pursuant to 18 U.S.C. § 3621(e). The BOP found him to be ineligible based on a "current" conviction for violating 18 U.S.C. § 924(c). Petitioner contends the BOP wrongly based its eligibility determination on his § 924(c) conviction, which he argues is a "prior" conviction, rather than on his "current" conviction for violating § 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), (b)(1)(C), and 846. Petitioner argues the 21-month revocation term he is serving does not render the § 924(c) conviction a "current" conviction. Respondent argues Petitioner is presently serving a term of imprisonment tied to the § 924(c) conviction, and consequently the § 924(c) conviction is a current conviction and grounds for finding Petitioner ineligible for early release.

/ / /

/ / /

3 - OPINION AND ORDER

II.  <u>Statutory Framework</u>

In granting authority to the BOP to manage the imprisonment of federal prisoners, Congress directed that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  As an incentive for inmates to participate in RDAP, Congress specified: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).

The BOP's implementing regulations for § 3621 and related Program Statements set forth eligibility standards and procedures for the early-release incentive under § 3621(e)(2)(B).  *See* 28 C.F.R. § 550.55; Program Statement P5331.02 (early release procedures under § 3621(e)); Program Statement P5162.05 (categorization of offenses).[1]  Under the BOP's regulations and procedures, § 924(c) offenses are categorized as crimes of violence in all cases, and disqualify inmates from early release eligibility if they are current conviction, but not if they are prior conviction.  Program Statement P5162.05 at 3-4, Program Statement P5331.02 at 3-4.  Violations of §§ 841(a)(1), 841(b)(1)(B),

---

[1]The regulations and program statements applicable to Petitioner were effective March 16, 2009.

(b)(1)(C), and 846 are not categorized as crimes of violence and do not disqualify inmates from early release eligibility. *Id*.

## DISCUSSION

Petitioner does not dispute the BOP is statutorily authorized to disqualify categories of inmates from early release eligibility, *see Lopez v. Davis*, 531 U.S. 230, 244 (2001); *Crickon v. Thomas*, 579 F.3d 978, 981 (9th Cir. 2009) (citing *Jacks v. Crabtree*, 114 F.3d 983, 985-86 (9th Cir. 1997), or that a current conviction for violating 18 U.S.C. § 924(c) disqualifies an inmate from early release eligibility. However, Petitioner argues his § 924(c) conviction is a "prior" conviction and the associated revocation term he is serving does not render the underlying conviction a "current," and disqualifying conviction.

Respondent argues Petitioner is serving a revocation term of imprisonment tied to his § 924(c) conviction and, thus "has not completed service of the sentence he received for the § 924(c) conviction." (#10, Respt.'s Mem. at 9.) Accordingly, the § 924(c) conviction is a current conviction, which makes Petitioner ineligible for early release. (*Id.*)

Resolution of this habeas action requires that the Court determine whether, as a matter of law, Petitioner's § 924(c) conviction is a "current" conviction when the associated term of supervised release is revoked and a revocation term of imprisonment imposed. The governing statute, implementing regulations, and

program statements relating to the BOP's drug treatment programs do not define "current conviction" or "prior conviction."  Nor did the Court find case law on point.

I.   Jurisdiction

In § 3625, Congress specified: "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter."  This subchapter - Subchapter C - includes §§ 3621-3625.  Section 3621 vests authority for the management of inmate drug treatment programs in the BOP.

Although § 3625 precludes judicial review of individualized determinations relating to RDAP eligibility, Petitioner challenges the BOP's legal conclusion that his § 924(c) conviction is a "current conviction."  The Court has jurisdiction to review the BOP's designation of Petitioner's conviction for legal error.  *See Figueroa v. Mukasey*, 543 F.3d 487, 495-96 (9th Cir. 2008).

II.  Analysis

Petitioner argues the BOP erred when it determined his conviction for violating § 924(c) was a current conviction because he completed his initial term of imprisonment.  He contends his § 924(c) conviction is a prior conviction despite the fact he is serving a revocation term of imprisonment associated with that conviction and directs the Court to *Lewis v. Daniels*, 528 F.Supp.2d 1099 (D.Or. 2007).  In *Lewis*, the petitioner was convicted of violating 21 U.S.C. § 841(a)(1), Possession of a Controlled

6 - OPINION AND ORDER

substance with Intent to Distribute, and sentenced to seventy months imprisonment. In defining the issue, the court stated:

> The question presented here [ ] does not involve an inmate who possessed a firearm in connection with his current offense, but rather one who has a prior conviction for possessing a firearm.

The court specified in a footnote:

> It is true that petitioner has been serving a concurrent eighteen-month supervised release violation term "imposed in connection with the [Felon in Possession of a Firearm] offense." Reply at 2. However, that firearms conviction is undeniably a "prior offense," and not a current offense.

*Id*. at 1101 n.2. The court opined that an ineligibility determination based on pre-conviction conduct was in conflict with the BOP's established policies and program statements. *Id*. at 1101. This Court does not find Petitioner's reliance on *Lewis* persuasive because the court did not discuss the legal relationship between the supervised release violation term and underlying offense when it concluded the firearms offense "was undeniably a prior offense and not a current offense."

A term of supervised release imposed by a court, while distinct from a term of imprisonment, is, as a matter of law, a component of the overall sentence imposed upon a defendant's conviction. *United States v. Paskow*, 11 F.3d 873, 881-83 (9th Cir. 1993) (supervised release is "simply part of the whole matrix of punishment which arises out of a defendant's original crimes." citing *United States v. Flora*, 810 F.Supp. 841, 842 (W.D.Ky. 1993)); 18 U.S.C. § 3583(a). "It is the original sentence that is

7 - OPINION AND ORDER

executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release." *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (citing *Paskow* at 881). And while BOP rules recognize that an original offense and a violation/revocation term are distinct, *see* Program Statement 51008.08, Ch. 4 at 7-8,[2] the rules do not negate that a term of supervised release imposed upon conviction is a component of the sentence imposed for the original offense, as is any associated revocation term of imprisonment.

Petitioner also relies on § 3624(a) in arguing that his § 924(c) sentence expired on December 20, 2005, when he was release from BOP custody to supervised release, and therefore the conviction is a "prior" conviction. (#13, Resp. at 9.) Section 3624(a) specifies: "A prisoner shall be released by the [BOP] on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)." Petitioner contends the "plain meaning of 'expiration' in § 3624(a) unambiguously means that the § 924(c) term of imprisonment ended on December 20, 2005, making the offense a prior conviction." (#13, Resp. at 9.) Petitioner conflates the expiration of a term of imprisonment with the expiration of a sentence imposed upon conviction. W h e n    a

---

[2]In classifying the severity of an offense leading to revocation and a revocation term of imprisonment, the BOP does not take the underlying offense into account.

defendant is returned to prison after a violation of the term of supervised release, "[i]t is the original sentence that is executed." *Paskow*, 11 F.3d at 881; *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) ("postrevocation sanctions [are] part of the penalty for the initial offense"); *United States v. Brown*, 59 F.3d 102, 104-105 (9th Cir. 1995) ("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation.")

Because revocation of supervised release is a reinstatement of the sentence for the underlying crime, this Court concludes the original conviction from which a term of supervised release arises is a current conviction when an inmate is serving a release revocation term of imprisonment.[3] Petitioner's revocation term of imprisonment is a legal consequence of his § 924(c) conviction. As long as he is in custody as a legal consequence of the § 924(c) conviction, that offense is a current conviction, and a basis for

---

[3]A prior conviction is one for which the defendant's sentence has fully expired, that is, there are no conditions or restraints remaining upon the individual that are legal consequences of the conviction. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (for habeas purposes, in custody requirement satisfied when inmate is on parole, but not when sentence fully expired, that is, there are no conditions or restraints remaining); *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 2287 (2006) (a habeas petitioner remains in the custody of the United States while on supervised release); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (same), citing *Jones v. Cunningham*, 371 U.S. 236, 242-243 (1963).

9 - OPINION AND ORDER

finding Petitioner ineligible for early release under 18 U.S.C. § 3621(e). Because the Court finds no legal error in the BOP's conclusion that Petitioner's § 924(c) conviction is a current conviction, and Petitioner has failed to show he is in custody in violation of the Constitution or laws of the United States, habeas relief is precluded.

<u>**CONCLUSION**</u>

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this  27th  day of August, 2010.


            /s/ Michael W. Mosman
            Michael W. Mosman
            United States District Judge